IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARREN CHRISTOPHER ANDERSON,
     Plaintiff,

vs.                                 Case No: 3:07cv45/RV/EMT

NURSE NICHOLS, A.R.N.P.,
     Defendant.
_____/

## ORDER

      This cause is before the court upon Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 12).  Leave to proceed in forma pauperis has been granted (Doc. 5).

      From a review of the complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendant.  Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in a second amended complaint.

      Plaintiff names Nurse Nichols, the Assistant Registered Nurse Practitioner at Santa Rosa Correctional Institution (SRCI), as the sole Defendant (Doc. 1 at 1, 2).  Plaintiff alleges that on September 6, 2006, he complained to Nurse Nichols that he was suffering from migraine headaches, and she prescribed medication (*id.*, Statement of Facts ¶ 6).  On September 27, 2006, he complained to Nurse Nichols that the headaches were worse, and she responded that he should give the medication time to take effect (*id.* ¶ 7).  One week later, on October 4, Plaintiff again complained to Nurse Nichols that the medication was not working (*id.* ¶ 8).  Nurse Nichols responded that the medication worked for everyone, and although she would prescribe another medication, she would not prescribe anything else even if Plaintiff insisted that it did not work (*id.* ¶ 9).  Additionally, Nurse Nichols cancelled a medical pass for a lower bunk that Plaintiff had received from a doctor at another institution (*id.* ¶ 10; Doc. 1 ¶ ¶ 20, 21).  Plaintiff states he submitted a sick call request

on November 23, 2006, but he was not seen by a doctor (*id*. ¶ 13).  He submitted additional requests on December 20 and December 23, 2006, and on December 26, 2006, he was told by RN Specialist Keith Gardner and a "physiologist," Mr. Dixon, that they would make an appointment for Plaintiff to see a nurse, but as of February of 2007, he had not been seen by anyone (*id*. ¶ ¶ 14, 16, 19). Plaintiff states that from November 23, 2006 to February 28, 2007, he experienced headaches that caused crippling pain and double vision (*id*. ¶ 16).

Plaintiff claims that Defendant Nichols deprived him of adequate medical care in violation of the Eighth Amendment (*id*. at 7, attached page).  As relief, he seeks an injunction requiring examination by a doctor and the provision of treatment recommended by that doctor.  Plaintiff also seeks punitive damages in the amount of $10,000.00 and any other relief to which he is entitled (*id*.).

As Plaintiff was advised in a previous order to amend, medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).  Incidents of mere negligence or malpractice do not rise to the level of constitutional violations.  *Id*. (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).  Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment.  *Id*. (citations omitted). Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000).  First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'"  *Id*. (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed.2 d 271 (1991) (internal quotation omitted)).  Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment.  *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements.  *Id*. at 1258.  As to the objective prong, an objectively serious deprivation requires a showing of an objectively "serious medical need."  Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).  A serious medical need is "one that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires a showing that the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris v. Thigpen, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

In the instant case, Plaintiff alleges that he complained about his headaches to Nurse Nichols on September 6, September 27, and October 4, and she refused to provide treatment, but the facts show that on September 6 she prescribed medication, on September 27 she informed Plaintiff to

allow the medication time to take effect, and on October 4 she prescribed a different medication. Based upon these facts, Plaintiff cannot show that Nurse Nichols' response was so deficient as to constitute "an unnecessary and wanton infliction of pain."  Furthermore, although Plaintiff states he submitted subsequent sick call requests, he does not allege facts showing that Nurse Nichols was aware of the requests.  Although he alleges she is "generally responsible for ensuring the provision of medical care to inmates" (*see* Doc. 12 ¶ 3), this is insufficient to show that Nurse Nichols was subjectively aware that Plaintiff had a serious medical after she prescribed the second medication. Unless Plaintiff alleges sufficient facts to satisfy both the objective and subjective components of the Eighth Amendment standard, his claim will be subject to dismissal.

In amending his complaint, Plaintiff should carefully review the foregoing to determine whether he can present allegations sufficient to state a cause of action under the relevant law.  If Plaintiff determines he cannot state an actionable claim, he should file a notice of voluntary dismissal, which will result in a recommendation that this case be dismissed <u>without prejudice</u>.  If Plaintiff chooses to file an amended complaint, he must completely fill out a new civil rights complaint form, marking it "**Second Amended Complaint**."  Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations.  Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Defendants" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from the complaint.  In the section entitled "Statement of Claim," Plaintiff must state what rights or statutes he contends have been violated, and he must provide reference to the facts supporting the claimed violations.  Plaintiff is advised that the amended complaint must contain all of his allegations because once an amended complaint is filed, all earlier complaints and filings are disregarded.  Local Rule 15.1, Northern District of Florida.

Accordingly, it is **ORDERED**:

1.      The clerk is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in section 1983 cases.  This case number should be written on the form.

2.      Plaintiff shall have **THIRTY (30) DAYS** in which to file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and marked, "**Second Amended Complaint**."  Alternatively, Plaintiff should file a notice of voluntary dismissal within the same time.

3.      Failure to submit an amended complaint as instructed may result in a recommendation of dismissal of this action.

**DONE AND ORDERED** this 26th day of April 2007.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**