IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


DARREN CHRISTOPHER ANDERSON,
          Plaintiff,

vs.                                                    Case No: 3:07cv45/RV/EMT

NURSE NICHOLS, ARNP,
          Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court upon Plaintiff's second amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 20).  Leave to proceed in forma pauperis has been granted (Doc. 5).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  The complaint may be dismissed if the facts as plead do not state a claim to relief that is plausible on its

face.  *See* <u>Bell Atl. Corp. v. Twombly</u>, No. 05-1126, 2007 WL 1461066, at *10–*11, *14 (May 21, 2007) (retiring the often-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff has failed to state a plausible claim to relief; therefore, dismissal of this action is warranted.

Plaintiff names Nurse Nichols, an Associate Registered Nurse Practitioner at Santa Rosa Correctional Institution (SRCI), as the sole Defendant (Doc. 20 at 1, 2).  Plaintiff alleges that on August 23, 2006, he arrived at SRCI (Doc. 20, Statement of Facts ¶ 7).[1]  On September 6, 2006, he complained to Nurse Nichols that he was suffering from migraine headaches and told her that he was previously treated with Excedrin (*id.* ¶¶ 8, 9).  Nurse Nichols prescribed medication for the headaches (*id.* ¶¶ 9, 17; *see* Doc. 12, Statement of Facts ¶ 6).  On September 27, 2006, Plaintiff complained to Nurse Nichols that the headaches were worse, and she responded that he should give the medication time to take effect (Doc. 20 ¶ 10).  One week later, on October 4, Plaintiff again complained to Nurse Nichols that the medication was not working (*id.* ¶ 11).  Nurse Nichols noted Plaintiff's complaint and assessed his condition (*id.* ¶ 15).  She told Plaintiff that the medication worked for everyone, and there was no other medication she could prescribe at that time (Doc. 20, Statement of Facts ¶ 15; *see* Doc. 12, Statement of Facts ¶ 9).  She then agreed to prescribe another medication, but told Plaintiff that if he kept insisting it did not work, she would not prescribe anything else (*see* Doc. 12, Statement of Facts ¶ 9).  Additionally, Nurse Nichols cancelled a medical pass for a lower bunk that Plaintiff had received from a doctor at his previous institution (Doc. 20 ¶ 13, *see* Doc. 12, Statement of Facts ¶10).  Plaintiff states he received the pass because he suffered from arthritic knees and dizziness (*id.*).  Plaintiff alleges he submitted a sick call request on November 23, 2006, but he was not seen by a doctor (*see* Doc. 12, Statement of Facts ¶ 13).  He submitted additional requests on December 20 and December 23, 2006, and on December 26, 2006, he was told by RN Specialist Keith Gardner and a "physiologist," Mr. Dixon, that they would make

---

[1]The court conveys as facts those allegations contained in Plaintiff's verified amended complaint and verified second amended complaint (Docs. 12, 20).

an appointment for Plaintiff to see a nurse, but he was not seen by anyone (*id.* ¶ ¶ 14, 16, 19). Plaintiff states he again "reported problems" on February 8 and 28, 2007, after he filed the instant lawsuit (*id.* ¶ 19).  Plaintiff states that from October 4, 2006 to February 28, 2007, he experienced severe, crippling headaches due to Nurse Nichols' failure to properly diagnose his condition and her refusal to provide stronger medication and have him "properly" evaluated (Doc. 20 ¶¶ 14–19).  He claims that her conduct deprived him of adequate medical care in violation of the Eighth Amendment (Doc. 20 at 7).  As relief, he seeks an injunction requiring examination by a "qualified physician" and provision of treatment recommended by that doctor.  Plaintiff also seeks punitive damages in the amount of $10,000.00 and any other relief to which he is entitled (*id.*, attached page).

As Plaintiff was advised in a previous order to amend, medical treatment violates the Eighth Amendment "only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'"  Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)).  Incidents of mere negligence or malpractice do not rise to the level of constitutional violations.  *Id.*  (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976)).  Similarly, a difference in medical opinion between the medical staff and an inmate as to the inmate's diagnosis or course of medical treatment does not support a claim of cruel and unusual punishment.  *Id.* (citations omitted). Stating an Eighth Amendment claim of denial of adequate medical care requires satisfying both an objective and subjective component.  Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000).  First, there must be conduct by prison officials which, objectively speaking, is "sufficiently serious" to constitute a deprivation "'denying the minimal civilized measure of life's necessities.'"  *Id.* (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 2324, 115 L. Ed.2 d 271 (1991) (internal quotation omitted)).  Second, the prison officials must possess a subjective intent to use the medical deprivation as a means of punishment.  *Id.* (citations omitted).

Both the objective and subjective components encompass two subsidiary requirements.  *Id.* at 1258.  As to the objective prong, an objectively serious deprivation requires a showing of an objectively "serious medical need."  Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976).  A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the

necessity for a doctor's attention." Hill v. DeKalb Regional Youth Detention Center, 40 F.3d 1176, 1186 (11th Cir. 1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *see* Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977, 128 L. Ed. 2811 (1994) (serious medical need is one that, if left unattended, "pos[es] a substantial risk of serious harm."). In addition, an objectively serious deprivation requires a showing that the response made by Defendants to that need was so deficient as to constitute "an unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105-06 (internal quotation marks omitted); *see* Taylor, 221 F.3d at 1257; *see also* Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

To show the required subjective intent to punish, Plaintiff must demonstrate that Defendants acted with an attitude of "deliberate indifference." Estelle, 429 U.S. at 105. "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." Farrow v. West, 320 F.3d 1235, 1245–46 (11th Cir. 2003) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999); Taylor, 221 F.3d at 1258 (stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")). "Deliberate indifference" and "mere negligence" are not one and the same. Deliberate indifference must be more than a medical judgment call or an accidental or inadvertent failure to provide adequate medical care. Murrell v. Bennett, 615 F.2d 306, 310 n.4 (5th Cir. 1980).

A complete denial of readily available treatment for a serious medical condition constitutes deliberate indifference. Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994). However, where the inmate has received medical treatment, and the dispute is over the adequacy of that treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments that were made. Harris v. Thigpen, 941 F.2d at 1507 (quoting Waldrop v. Evans, 871 F.2d 1030, 1035 (11th Cir. 1989)). To do otherwise would be "to constitutionalize claims that sound in tort law." Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation omitted).

In the instant case, Plaintiff acknowledges that Nurse Nichols assessed his condition and prescribed two different medications to treat his headaches, but he disputes the adequacy of that treatment. Plaintiff's factual allegations fail to suggest that Nurse Nichols' response to his condition was so grossly incompetent that it constituted "an unnecessary and wanton infliction of pain," or that

her conduct was something more than a medical judgment call.  With regard to Nurse Nichols'
failure to re-issue the lower bunk pass that Plaintiff was prescribed at another institution, the facts
do not suggest that Nurse Nichols was subjectively aware that Plaintiff's arthritic knees and
dizziness  posed a risk of serious harm to his health.  Therefore, he has failed to state an Eighth
Amendment claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C.
§ 1915(e)(2)(B)(ii).

At Pensacola, Florida this 26th day of June 2007.


_/s/ Elizabeth M. Timothy_
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**Objections to these proposed findings and recommendations may be filed within ten
(10) days after being served a copy thereof.  <u>Any different deadline that may appear on the
electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections
shall be served upon the magistrate judge and all other parties.  Failure to object may limit
the scope of appellate review of factual findings.  _See_ 28 U.S.C. § 636; <u>United States v. Roberts</u>,
858 F.2d 698, 701 (11th Cir. 1988).**